UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

**SENTRY POOL AND CHEMICAL SUPPLY, INC.**, an Illinois corporation,

    Plaintiff,

v.

**CENTRAL DYNAMICS, INC., d/b/a RIVERPOOL.COM,** an Alabama corporation,

 SERVE:
Giuseppe Gori, President
Central Dynamics, Inc.
3225 Creek Circle
Guntersville, AL 35976

    Defendant.

CIVIL ACTION NO: 4:16-cv-4065

## COMPLAINT

Plaintiff Sentry Pool and Chemical Supply, Inc. (hereinafter, "Sentry") states the following Complaint against Defendants Central Dynamics, Inc., d/b/a Riverpool.com (hereinafter, "Central Dynamics"):

### PARTIES

1.    Sentry is a corporation organized and existing under the laws of the State of Illinois, having its principal place of business and corporate office located within this judicial district at 1529 46th Ave, Moline, Illinois 61265.

1

2.      Upon information and belief, Central Dynamics is an Alabama corporation having a principal place of business located at 200 Avalon Way, Conners Island, Guntersville, Alabama 35976, its mailing address located at 3225 Creek Circle, Guntersville, Alabama 35976.

## JURISDICTION AND VENUE

3.      This is a civil action arising primarily under the Lanham Act, 15 U.S.C § 1051, *et seq.*, for federal trademark infringement and unfair competition.

4.      This Court has jurisdiction over the subject matter of Plaintiff's claims pursuant to 15 U.S.C. § 1121 (actions arising out of the Lanham Act), 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338 (general jurisdiction for trademark actions).

5.      This Court has personal jurisdiction over Defendant because it conducts or has conducted business in this District, has established systematic and continuous activity in this District, and because it committed acts of infringement and unfair competition in this District.

6.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## RELEVANT FACTS

7.      Sentry is the owner of the following federally registered trademarks: RIVERPOOL (U.S. Registration No. 4,442,486, the "'486 Mark") for use on "Countercurrent swimming machines for use in swimming pools to enable swimming in place against an adjustable countercurrent, featuring pumps, motor, and adjustable current director outlets." in International Class 007 ("IC 007"), and RIVERPOOL (in stylized font)(U.S. Registration No. 3,146,230, the "'230 Mark,") for use on "swim spa in the nature of a heated pool that can generate currents of various speeds for exercise, therapy and rehabilitation" in IC 007 (the '486

Mark and the '230 Mark hereinafter, collectively, the "Marks" and the goods covered thereby, collectively the "Goods").

8. Sentry is also the owner of common law trademark rights in and to "Riverpool" for the goods covered by the Marks as well as related services, such as online information regarding counter-current swim spas and swimming pools.

9. The term "Riverpool" in the Marks is a suggestive term, and thus "Riverpool" is inherently distinctive of the Goods, and not descriptive or generic, entitling the Marks to the broadest scopes of protection.

10. The '230 Mark is now incontestable pursuant to 15 U.S.C. § 1065, providing conclusive evidence of Sentry's ownership of the '230 Mark and of Sentry's exclusive right to use this mark in commerce.

11. Plaintiff Sentry has previously advertised, distributed, and sold, or currently advertises, distributes, and sells, the Goods under the Marks throughout the United States including, but not limited to, the State of Illinois.

12. Plaintiff is one of the, if not the, preeminent manufacturers and sellers of the Goods, and therefore has created substantial goodwill in the Marks.

13. Upon information and belief, Defendant Central Dynamics is a competitor of Sentry, selling pools, counter-current pools, swim-spas, and related products to the same or similar customers and through the same or similar channels of trade.

14. On November 21, 2003, Plaintiff filed an application for registration of the stylized wording RIVERPOOL which later registered on September 19, 2006 as the '230 Mark.

15. At least as early as November 21, 2003, Plaintiff began using the Marks on the Goods in commerce.

16. Upon information and belief, Defendant Central Dynamics was first formed on August 9, 2004 and had no prior use or operations in the United States, or had de minimis sales and/or distribution in the United States prior to such date.

17. Upon information and belief, Defendant first used the domain name "www.riverpool.com" (the "Domain Name") on or about September 1, 2004.

18. On September 1, 2004, Defendant Central Dynamics sent Plaintiff Sentry a notice letter, falsely alleging Defendant's rights in its domain name to operate as though the same established trademark rights.

19. On October 18, 2012, Plaintiff filed an application for registration of the words only RIVERPOOL which letter registered on December 3, 2013 as the '486 Mark.

20. On June 9, 2015, Plaintiff notified Defendant via certified mail that Defendant was infringing the Plaintiff's trademarks by using the name "Riverpool" both in the Domain Name and as a mark on Defendants' website to sell products in the United States.

21. On August 13, 2015, Defendant Central Dynamics responded to Plaintiff's notice letter stating that they had ceased use as a product name for certain goods sold by Defendants, but refused to comply with Plaintiff's demands regarding use in the Domain Name and as a mark in the branding of the website itself, namely, refusing to change the "RIVERPOOL.COM" banner logo, and the replete use of Defendant's product name, the "RIVER" immediately followed after a single space by the word "pool" throughout Defendant's website and advertising.

22. On April 1, 2016, counsel for Plaintiff sent a follow-up demand letter to Defendant advising Defendant to cease and desist from any continued use of the RIVERPOOL name as a mark or as a part of Defendant's domain name, and further to cease use of the

Defendant's brand name "RIVER" followed by the word "pool" immediately thereafter. A copy of this letter has been filed with this complaint as **Exhibit A**.

23. Defendant's use of the RIVERPOOL Mark is likely to cause confusion with Plaintiff's Marks in the relevant marketplace.

24. Defendant's use of the RIVERPOOL Mark on the sale, advertising, and or marketing of the Defendant's competing products is likely to cause confusion, mistake, and/or deception in the minds of relevant consumers with respect to the origin, association, source, affiliation, or sponsorship thereof (or lack thereof), with respect to Plaintiff's Marks and use thereof on the Goods.

25. Defendant's use of RIVERPOOL, concerning the Marks, in commercial advertising and promotion misrepresents the nature, characteristics, qualities and origin of the Defendant's goods.

26. Plaintiff has been, and continues to be, injured by Defendant's unauthorized and unlawful use of the RIVERPOOL Mark.

27. Defendant's use of the RIVERPOOL Mark has caused, and continues to cause, irreparable harm to Plaintiff's goodwill and reputation as the sources of the Goods under the Marks.

## COUNT I

**Federal Trademark Infringement**
**(15 U.S.C. § 1114)**

28. Plaintiff repeats and re-alleges each of the allegations contained in paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29. As stated above, the U.S. Patent and Trademark Office (hereinafter "USPTO") determined that the Marks as used on the Goods met all requirements for federal registration, including the requirement for distinctiveness, and issued the '230 Mark and '486 Mark registrations, and the '230 Mark registration now stands as incontestable.

30. Defendant had actual notice of the Marks pursuant to 15 U.S.C. § 1072 at least as early as September 1, 2004, have had actual notice of Plaintiff doing business under the name RIVERPOOL since at least as early as September 1, 2004, and have had actual notice of the Mark registrations since at least as early as June 9, 2015.

31. Defendant does not have Plaintiff's consent to use RIVERPOOL or any of the Marks in any manner, including as a trademark.

32. Defendant's knowing and intentional unauthorized use of RIVERPOOL as a mark in association with its goods, including as advertised on the website and as its domain name, is likely to cause, or has caused, consumers to mistakenly believe that: (a) Defendant is affiliated with Plaintiff; (b) Defendant's business is sponsored or approved by Plaintiff; and/or (c) Defendant is otherwise associated with or has obtained permission from Plaintiff to use the RIVERPOOL Mark in connection with the sale of counter-current pools, swim spas, and related products sold by Defendant.

33. By engaging in the unauthorized activities described above, Defendant has infringed the Marks, in violation of the Lanham Act and, more specifically, 15 U.S.C. § 1114.

34. Defendant's use of RIVERPOOL in commerce and other activities were done with actual notice of Plaintiff's superior rights, and were, and remain, willful and intentional.

35. Defendant's willful and intentional acts of infringement have caused and are causing great and irreparable injury and damage to Plaintiff's business, goodwill, and reputation

in an amount that cannot be ascertained at this time and, unless restrained, will cause further irreparable injury and damage.

36. Plaintiff is entitled to injunctive relief against Defendant, and anyone acting in concert with Defendant, to restrain further acts of unfair competition, trademark infringement, and false designation of origin, as well as to recover Defendant's profits and actual damages suffered in an amount to be determined at trial, plus costs, and attorneys' fees pursuant to 15 U.S.C. § 1117.

## COUNT II

### Federal False Designation of Origin, False Description, and Likelihood of Confusion
### (15 U.S.C. § 1125(a))

37. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 36 of this Complaint as if fully set forth herein.

38. Defendant, by and through its knowing and intentional unauthorized use of the RIVERPOOL Mark in association with the Defendant's competing products, has and continues to falsely designate its goods and services as being derived from or affiliated with the Goods of Plaintiff as sold, advertised, marketed, and distributed under the Marks.

39. Defendant's knowing and intentional unauthorized use of "RIVERPOOL" as a mark in association with its goods, including as advertised on its website and as its Domain Name, is likely to cause, or has caused, consumers to mistakenly believe that: (a) Defendant is affiliated with Plaintiff; (b) Defendant's business is sponsored or approved by Plaintiff; and/or (c) Defendant is otherwise associated with or has obtained permission from Plaintiff to use the RIVERPOOL Marks in connection with the sale of Defendant's goods.

40. Defendant's use of the RIVERPOOL Marks in commerce and other activities were, and remain, willful, knowing, and intentional.

38. Defendant's willful, knowing, and intentional acts of unfair competition, trademark infringement, and false designation of origin, have caused and are causing great and irreparable injury and damage to Plaintiff's business and its goodwill and reputation in an amount that cannot be ascertained at this time, and, unless restrained, will cause further irreparable injury and damage.

39. Plaintiff is entitled to injunctive relief against Defendant, and anyone acting in concert with Defendant, to restrain further acts of unfair competition, trademark infringement, and false designation of origin, and, after trial to recover any damages proven to have been caused by reason of Defendant's aforesaid acts, and to recover Defendant's profits and actual damages suffered in an amount to be determined at trial, plus costs, and attorney fees pursuant to 15 U.S.C. § 1117.

**WHEREFORE**, Plaintiff respectfully prays for the following relief:

(1) A preliminary injunction enjoining Central Dynamics, Inc. d/b/a Riverpools.com, its employees, agents, officers, directors, attorneys, representatives, successors, affiliates, subsidiaries and assigns from:

(a) imitating, copying, using, reproducing, registering, attempting to register, and/or displaying "RIVERPOOL" or any other mark, designation or variation that is confusingly similar to "RIVERPOOL;"

(b) using any other false description or representation or any other identifier calculated to or likely to cause confusion, deception, or mistake in the marketplace with regard to the Marks; and

(c)    making any false representations concerning the Marks.

(2)    An order directing Defendant to remove all use of RIVERPOOL, or RIVER pool, including hidden metadata on a website at www.riverpool.com, that infringes upon any of Plaintiff's Marks, including use of the Mark in the Domain Name;

(3)    An order directing Defendant to transfer ownership of and control over the "riverpool.com" domain name;

(4)    An order directing Defendant to file with the Court with service upon Plaintiff's counsel within thirty (30) days after entry of such order, a verified report setting forth the manner and form in which Defendant has complied with the preliminary injunction;

(5)    An order awarding Plaintiff all damages sustained under 15 U.S.C. § 1117(a) in an amount to be proven at trial, including lost profits;

(6)    An order awarding pre-and post judgment interest;

(7)    An award of Plaintiff's attorneys' fees, expenses and costs incurred herein;

(8)    A trial by jury; and

(9)    All other relief to which Plaintiff may be entitled or the Court may deem appropriate.

Respectfully submitted,

_____
JAY R. HAMILTON
COUNSEL FOR PLAINTIFF
SENTRY POOL AND
CHEMICAL SUPPLY, INC.